XZY Holdings v. Garcia. We'll hear from Mr. Peed. Good morning, Your Honor. May it please the Court. This is an arbitration issue that is governed by clear precedence from this Court. This Court needn't look no further really than Choice Hotels v. BSR Tropicana where the Court said that a motion to dismiss is a proper vehicle for raising rights under the FAA. And N. Ray Mercury where this Court said, well this Court approved of Judge Franley's formulation that before you file an answer, at least by then, if you invoke arbitration before you file an answer, you can't possibly have waived it. Those two principles will dispose of this case. Is that correct? You can't possibly have raised it? That formulation, I think, the Court should say, rarely if ever, which is a quote in the 28J case that I cited last night. I apologize for the late citation of those letters. I don't think this Court needs... Are those the unpublished cases you sent us? Yes, Your Honor. This Court does not need to reach the question of can it ever be the case that before an answer, you've waived it. I cannot see how a litigant, before even having to assert defenses in a case, through an answer, could waive it. But putting that aside, certainly what happened here in this case, which was the very first filing... What if it don't have an answer and file a motion to dismiss and completely litigate on the merits of whether or not you succeed on it and then bring up the arbitration? Not saying you did that here, but you said you can't see how it can be done. Would that be one? In other words, you fought like the Dickens to try to win this thing on the merits and didn't even mention arbitration, didn't lose. It was all right on arbitrate and you didn't file an answer. You think that's not actions that are inconsistent with seeking to arbitrate? Not under this Court's guidance in its published opinion and under its ruling in the unpublished opinion. I'm not going to dispute with those precedents. They favor us. If I were writing the law, I might say, well, if a party does not mention the FAA or arbitration in a lengthy motion to dismiss and really goes at it and tries to win a case on the merits in oral argument, asks the Court on the merits to decide it, I could see that being said that you've tried to get your conclusion. As your Honor noted, that's not what happened here. In oral argument, we... You weren't trying to get the conclusion of dismissing the case? Not on the merits. We told the Court in oral argument. We end in our briefs. Our first argument in our briefs was that this case should be dismissed under the FAA. Then in oral argument, our first argument to the Court was, this case belongs in arbitration. That is a quote. Let me ask you about that, because that is a question that I have regarding if SZY is bound by the arbitration clause in this agreement. I'm trying to figure out how, and I saw in the district court's order that the district court says that there's no objection to arbitration, but I'm just trying to figure out how SZY is subject to arbitration at all. Well, we raised in our briefing that SZY is subject to equitable estoppel. They're trying to benefit from an agreement with an arbitration clause in it. This Court has used that principle to enforce arbitration agreements on non-parties. Yeah, but under equitable estoppel, you have to show you detrimentally relied, and I saw that in your briefing when you said they sent you some letter that said, let's try to work this out, let's participate in arbitration, but as a part of equitable estoppel, even under Colorado law, you would have to show that there's some detrimental reliance. I believe, if I'm recalling the record correctly, you all didn't respond to the letter. We're not saying the letter is part of the equitable reliance, but SZY is attempting to have a legal theory which depends upon this contract, and they're relying upon that contract and its terms as giving them rights, ultimately leading to their cause of action under Virginia law. And so our argument below was that they're relying on that contract, and so they're equitably estopped from carving out parts of that contract they don't like. And that contract they're relying upon had this arbitration clause. And we made that argument at this point in the proceedings. That is not in dispute. They did not adequately contest that they were not bound by this arbitration agreement below. The district court did not rule that they were not bound. The district court just said that we defaulted in preserving that rights. So I don't believe that's before the court, but still answering the question, that was the argument we would make. I mean, I would think we would have to be able to determine it was subject to arbitration before we could even decide. And I agree with you, the district court did not address that issue, and the order speaks very little of how this party is subject to arbitration. But, you know, there are third-party beneficiary arguments, there's equitable estoppels. There's different ways that non-parties are bound by contracts that, you know, I think are beyond the briefing, beyond the issue here that's presented. So it may be, there may be a remand for that question if the court finds that it's necessary to reach an answer here. But I don't believe it is. I think it's an argument that SEY has waived. And all this court needs to decide is whether Garcia and Hamza acted inconsistently with the desire to arbitrate to the point where they have intentionally waived that right. That's the statement. Let me just, building on Judge Benjamin's question. We're here sitting de novo, we're reviewing the record, and part of your argument is we don't need to even think about that because the parties agreed. And now you're arguing that the other side has waived their ability to even challenge it, which obviously we're going to talk about waiver here a lot. And your position is because he didn't pursue it, he must have waived it, which is a little bit of a trap statement for me to make because I'm about to flip it back on you. But I want to make sure I understand, though, your position is we should not look at it, even though we're looking at it de novo, because I have the same question. Where is the contract between the parties that require arbitration? Your position is, well, both parties are relying on this representation in this other contract. And because both parties are relying on it, the transaction that you're complaining of here arises from it. You must have agreed to it, so we should simply incorporate it as a provision. That's your argument. I think that's close, John. My argument here would be the district court erred in saying that the appellants had defaulted. Whether they had the rights or not, that is an error that they defaulted by raising their arbitration rights in every filing they did. If the court agrees with that, it has the ability to reverse that conclusion and remand the case. If the district court wants to make a finding that the FAA doesn't apply to this case at all because it's non-parties, then it can do that. And the court need not reach that question. If the court wants to reach that question and just have a full mandate that says that this case must immediately be stayed and go to arbitration rather than simply reversing the district court's erroneous ruling, then I think it might need to address that question. And for that logical step, I would say the parties have not preserved any objections to that. We asserted our claim below that this case is subject to arbitration, and rather than saying that it wasn't, the appellees took the position that we had just defaulted. Let's transition then and get to where Judge Wynn tried to have us start. To help me understand, back in June of 2020, you clearly understood that there was a right to arbitrate because you invoked that right with IPF, correct? It had been invoked before that with IPF. A company called Botani Labs had arbitrated with IPF. That right was understood, and my firm came into the case in June of 2022. I understand that you may or may not be having to deal with the sins of someone else, but I realize it wasn't you that was doing it. But clearly, the chronology that we have to address to determine whether or not you in fact have waived your right to arbitrate, doesn't it have to start with when you knew of a right to arbitrate? I'll gladly concede that the appellates knew of their right to arbitrate this entire time, because Mr. Garcia, the principal of Botani Labs, signed that contract. He knew there was an arbitration agreement in it, a requirement in it. So then we have a baseline of at least sometime around June of 2020, where there's at least a known right to arbitrate. And so now we move from June of 2020 to present to determine what actions you either did or didn't take that would either imply or expressly be a waiver of that right, correct? Correct. So your position earlier was we haven't waived that right just because we were participating in motions practice. Is that your position? Not just because we participated in motions practice, but because those motions articulated that right, invoked that right at every single step of the case. So they knew about the right because they wrote the contract. It's just a business contract. The lawsuit didn't start for them until November of 21, I believe. Yeah, but in January, as Judge Benjamin said, you did receive a letter from SZY indicating that there were additional claims out there as it related to the $2.5 million in dispute. At that point in time, did you invoke your right to arbitrate? There was no dispute. There was a letter saying, hey, we think we have a right to the money you want to get. Okay, that's fine if you think that. So you don't consider that to be a claim based on a dispute on monies that either Garcia and or HAMSA was holding onto that was the subject of the arbitration? That was a notice that SZY believed it had an interest in that money, which is fine. I don't believe that there's any case this court will find and certainly not ever cite it, and there's no logical principle that would say a party has to initiate an arbitration or add a party to an arbitration just to stop any later claim that they waived rights. There's nothing that amounts to an intentional waiver of just getting a letter not responding to a letter from another party saying, we think your money belongs to us. That's fine. Are you ever going to act on that belief? Are you going to hire counsel and write us something explaining your belief? Once you do, and if you do it in federal court, we can say, well, this belongs in arbitration. Let's arbitrate it. But you get to federal court only when the other party refuses to arbitrate and you're asking a district court to compel it. You don't go to district court just to go to district court. Isn't the remedy, generally speaking, a petition or some motion that's filed asking the district court to compel the other side to do what it is refusing to do? Is that what happened here? Sort of. What happened here was that SCY filed a lawsuit against IPF and then eventually decided to add Garcia and Hamza. When they added Garcia and Hamza, whom they had sent the letter to originally, at that point, once they were deemed served, Garcia and Hamza immediately said, this belongs in arbitration. So SCY could have arbitrated against Garcia from the beginning. Instead, they added them to a federal complaint. And once they added them, Garcia invoked his rights on the FAA. So he's requesting that the court compel SCY to honor the arbitration agreement. SCY could have just done the arbitrations from the get-go. Well, isn't that what they tried to do in January of 2021? Because that's another thing. The court has said that there has to be a failure on the part of SCY. But SCY was the first. I mean, they contacted your client and said, hey, before we file a suit, let's resolve this. They were aware. They tried to participate in arbitration. I understand they also tried to participate with IPF, and that went stale. But they were trying to participate in arbitration. There appear to be facts, which I don't know how much is a part of the record, but I understand that SCY and IPF were trying to work out some sort of arrangement for SCY to participate in the IPF-Botani arbitration. They, I guess, couldn't come to terms on that. That would not stop SCY from initiating its own arbitration against Garcia. It wouldn't stop SCY from asking Garcia or Botani to participate in arbitration and then say, if you don't want to participate in arbitration, we're going to file a lawsuit. That's not what the letter said. The letter just said, whatever you get from this arbitration, if anything, we think is ours. We would prefer to work out an arrangement instead of litigating it. Very general language. You don't view that as a claim for the monies that your client was ultimately holding, that the arbitration was either going to decide you rightfully held that money and maybe even were entitled to more, or that you did not rightfully hold that money and would have to give it up to IPF, which you now were aware that SCY was claiming, if that occurred, they believed that they were the rightful owners of those funds. And with all of that knowledge, there was no invocation at that point in time of arbitration? There was nothing to invocate in. There was no proceeding. There was no forum. There was just a letter. Normally, it's not uncharacteristic for there to be some third-party action to a lawsuit where some other party is also asserting some right. That happens every time in litigation. Why wouldn't that have been an appropriate thing to do here? Because, number one, as we said in our papers, the letter was sent to Mr. Garcia as a principal of Botani. These claims are against him personally, so they're not even the same parties as a matter of law. I see my time's up. You may answer the question. So it's not even the same party. So a representative of the company Botani gets a letter from SCY saying, we think we have an interest in any money you get from this arbitration. Later, SCY sues Garcia personally and another company, Hamza Holdings, and says, you know, in this federal district court litigation, we think that we are entitled to money you have on a theory of unjust enrichment. So I don't think that Garcia getting a letter addressing money about Botani and him just waiting to see what SCY decides to do can be construed as an intentional waiver of his personal right under the FAA. It wasn't addressed to him in his personal capacity. It wasn't addressed to Hamza, who's also an appellant here. And it was simply a notification that they had an interest and they would like to discuss anything. It would be one thing if the letter said, we are going to file this claim unless you tell us you want to arbitrate, because we recognize you have arbitration rights, and we'll consider that to be a waiver given this explicit notice. It didn't have anything like that. It just said, we'd like to talk. You have some time in rebuttal. We'll let you further expound on that then. Thank you, Your Honor. Let's hear from Mr. Gill. Please, of course. Robert Gill on behalf of SCY, Barford Board of Promotions. This is an interesting lawsuit. I mean, it really goes to the question of what kind of business practice is this? I guess in reading this, as the other judges, I mean, we're looking at it. You've got a law firm involved that actually transfers the money. The law firm is not involved in this lawsuit. I don't know what the role of the law firm was, other than just to be a fiduciary to send it on. But I don't know if they had to insure that the product was done or whatever. No, Your Honor, the neutral party was just the purpose of holding funds so that they weren't in the hands of either SCY, they weren't in the hands of IPF, they weren't in the hands of IPF. Why a law firm? Why not just leave it in the bank? That's the way to handle money. That's the way the party structured it, to have a neutral party transfer the funds. But what's undisputed is... It was just curious to me because you brought a law firm in. It seemed like to me if you wanted just a fiduciary, let a bank or someone that's not a legal entity. It has to have some other responsibility. Practicing law is not just handing money across the table, but that's not in the case. I just said it was interesting. It is interesting. It is interesting. But the reality is, you know, the appellant really doesn't focus on the elephant in the room here. And they keep focusing just on the litigation in the district court. They're ignoring the proceedings and arbitration between, you know, Botani Labs and IPF. So there's already been an arbitration under the arbitration agreement. Well, let me... Because I asked him this. Are you all conceding that you're bound by the arbitration clause? And if so, how? No, ma'am, I don't concede that. Thank you for the question. So what my argument is, it's a little different. And that is I'm relying on the result of the arbitration, which was the arbitration award, which was confirmed by the United States District Court in Colorado, which Mr. Garcia opposed. And then he filed an appeal to the Tenth Circuit, and that appeal was dismissed for administrative reasons. So that judgment is unassailable. I'm relying on a judgment that shows that Mr. Garcia had no rights to the $2.5 million because then I asserted a claim against him for fraudulent conveyance of the money, sending the money from his company, Botani Labs, to his shell company he set up called Hamza Holdings. And then I sued Hamza Holdings for receipt of those monies for unjust enrichment. What is the effect of the arbitration award when you do give an arbitration award in a case like this as opposed to a district court award where it would be an actual judgment? Did it proceed on to where it was confirmed as a judgment? Yes, sir. It was absolutely confirmed. In a contested proceeding by Mr. Garcia, Mr. Garcia contested the ability to confirm the award to the U.S. District Court. The U.S. District Court wrote an opinion, found that everything that the arbitrator had done was proper, confirmed the award in all respects. No portion of the award was invalidated. So it's a judgment. So ma'am, to answer your question, I'm relying on the judgment now, which confirmed the award but not really the arbitration agreement. The arbitration agreement is narrow in scope. The arbitration agreement talks about contract disputes, dispute over the product. My case isn't a dispute over the product. We never got product. Mr. Gilden, why are we spending so much time talking about whether or not there was a waiver or not, whether or not there was some intentional relinquishment or abandonment of a known right, if your position is, why are we talking about that? There is no arbitration clause which I am bound by. So why am I being compelled to arbitrate? Well, because to me the wooden stake that kills Mr. Garcia's argument about arbitration is he's already been to arbitration. He was adjudged in that arbitration to have breached this agreement, which is in the record at Joint Appendix 98-99. He's been adjudicated to have breached this agreement. So under the Federal Arbitration Act, an arbitration agreement is enforceable to the same extent and based on the same defenses as other contracts. Well, this contract has been adjudicated as breached by Mr. Garcia. He can't enforce it. And Judge Wynn, you asked a question earlier about circuit court opinion. Well, to me, the circuit court opinion that really governs this is the prepaid legal services versus Cahill Tenth Circuit case, which applies to the award in this case because this arbitration agreement specifically selects Colorado law. And the Tenth Circuit opinion in prepaid legal services says that where a party has failed to pay a share of arbitration fees and breaches the arbitration agreement, it forfeits the right to further enforce that agreement. It's plain. So Mr. Garcia was adjudicated to have breached the agreement that contains the arbitration clause. He additionally breached it by failing to pay the arbitration fees. So there is no question that if Mr. Garcia ever had a right to arbitration, he's forfeited that right based on his breach of this agreement, which has been adjudicated. And then the Tenth Circuit opinion in prepaid legal services makes clear. The failure to pay the fees to the arbitration tribunal, which is in the record, it's part of the arbitrator's ruling, the arbitrator discusses it in his resolution of the arbitration, how Mr. Garcia failed to pay the fees. So Mr. Garcia, it's clear on the record, has no right. He already had an arbitration, first of all. And actually, prepaid is helpful on that, too, because prepaid legal services actually involves a subsequent attempt by Mr. Cahill to invoke an arbitration right after he previously invoked arbitration. And he failed to pay the fees. And the arbitration tribunal threat to dismiss the proceeding. And then at the end of the day, the other party paid the fees so the proceeding would conclude. And that's what happened. But the district court, that's not the analysis that the district court did below. The district court just said, based on, it sounds like the district court said, based on my dealings in this case, that your behavior is inconsistent with someone who is compelling arbitration. You're 100% right. So do you think that we should send it back for the district court to decide, even if this, based on your position or my question, to decide if the arbitration clause even applies to your client? Thank you for that question. First of all, you're absolutely right. The district court really didn't address the issue of default based on Mr. Garcia's failure to pay the fees to the arbitration tribunal. I raised that with the district court. That's in the record. I don't think you need to remand it to the district court for that. I think the record is before you. You have the right to affirm what the district court did. The district court denied the motion to compel. And I think you're entitled to do it on different grounds. And if I put myself in your shoes, that's what I would do. So when you ask me the question, that's what I would request that the court do, is that you affirm the ruling of the district court, but for different reasons. Although, I also think that's correct. And to answer your question, Judge Lawson, the letter from me to Mr. Garcia years ago put him on notice of my claim. And it was an effort on my part to try to consolidate proceedings and try to resolve these matters quickly and expeditiously. So you're now focusing on the issue the district court actually addressed to you, which is the inconsistency of the actions. Exactly. And this letter that you sent, I take it, was it a letter that indicated that you were already in litigation? Yes, sir. I sent him a copy of my complaint against IPF sourcing. And the litigation against him was imminent? Yes. And I said that it's my position to put him on notice. It's my position that the monies that came to you from IPF sourcing belonged to my client, and I want to put you on notice. I'm making a claim to those funds. So he knew then that he was going to have to fight with me about the $2.5 million. So let me just pick that a little bit. Sure. Because you really are presenting a hypothetical claim or even a possible claim, a claim that can happen in possible litigation. What cases that indicates you must indicate that you want to arbitrate at that time? There's nothing that I have that says that that compelled Mr. Garcia to arbitrate with me at that time. I don't have an arbitration agreement with Mr. Garcia. You're simply saying he could have. He could have. But what it is, undisputedly, is it put Mr. Garcia on notice of my claim. And so when we look at the timeline, the timeline doesn't run from when I file a litigation against Mr. Garcia in the court below. The timeline runs from when I send Mr. Garcia the letter until we get the ruling from the district court. That's a long period of time. So Mr. Garcia, as we've also discussed in his motion, his initial motion to district court, he didn't move to compel arbitration to answer your question, Judge. He moved to dismiss. He didn't ask to compel arbitration. And what did he do? He contested the validity of my claim. Well, didn't he do both? He did. He sought to compel arbitration and dismiss. I disagree. He raised the arbitration issue, no question, but he didn't ask that the case be stayed and sent to arbitration. He asked for dismissal. What's the district court's duty once it knows that arbitration has been raised? If a party satisfies the district court that there's a valid arbitration agreement and that the claim is asserted and followed within the scope of it, the district court should send it to arbitration. But shouldn't he first determine, at least the district court, whether there is an arbitration agreement? I agree. And once you do, what would be the duty? I mean, would you then go to the merits or would you proceed to determine whether or not it's a matter that should be arbitrated? Well, when you're looking at the merits, you have to look at the default because the Federal Arbitration Act says that an arbitration agreement is enforceable as other contracts. And for the reasons I've explained, this arbitration agreement with Mr. Garcia and IPF sourcing is not enforceable. Not only are we not a party to it, it's not enforceable against anybody at this point. He's already had his full arbitration. He's gotten a reasoned award. The award was confirmed as a judgment of the United States District Court in Colorado, and he also breached the agreement. He's adjudicated to have breached the agreement. He failed to pay the fees to the arbitral tribunal. There's no question under the law Mr. Garcia has no further right to arbitration. So that goes to the merits of whether you have a right to it, but isn't it a question of whether or not the claims are arbitrable? Well, yes, there is a claim. Once you do that, doesn't the district court have a duty to dismiss that? Yes. If he determines that the claims are arbitrable. Not what happens down the road, but there. I don't disagree with you, Judge. I think you're right. I'm just trying to rely upon the law that's out there, so just address the case law, not my personal thoughts on it. But where you have a record like we have here, which establishes that even if there is a right, it's been waived, why are we adding an extra step to go back to the district court to ask has it been waived? What is the inconsistency that shows the waiver? There is an inconsistency. Which is? Well, the inconsistency, the district court didn't assess the arbitrability of the arbitration clause. That's true. But does the district court need to where it's clear on the record that regardless of the scope of the arbitration clause and regardless of who's a party to it, the arbitration agreement's been breached and it's not enforceable? And that's clear under the Tenth Circuit law. Yeah, but that's not what the district court did. The district court said, I'm making a finding that your actions are inconsistent and therefore you have waived. Right. And I think the question that Judge Wynn is posing is what were the actions that were inconsistent? It's clear to me, you clearly believe that the amount of time that it took from June of 2020 until the ultimate decision on the motion to compel is more than a year, and you believe that the amount of time that it took is an indicator of the waiver. Let's say I disagree with you, that time in and of itself is not enough. There must be some other actions or activities. What actions or activities do you point to to show this intentional waiver? Well, we have the failure and refusal to pay the fees to the tribunal. That shows a lack of desire to arbitrate. Let's talk about the fraud on the tribunal where Mr. Garcia presented perjured testimony and sworn interrogatory answers and fraudulently altered documents to the tribunal. He committed fraud on the tribunal. So is that a breach of the arbitration agreement? I think it is under the common law of contracts. But is that Garcia or is that Botani that's doing it? Or in your position, they're one and the same? Well, they're effectively one and the same, but Botani was the party in arbitration, to be clear. And so Mr. Garcia was the party acting for Botani. He's the party that presented perjured testimony and fraudulently altered documents. And so is that also a reason why this is enforceable? Absolutely it is. There's an inherent obligation in every contract, good faith and fair dealing, and the perjured testimony and fraudulently altered documents is a violation of that, too. But that argument, again, I'm not quibbling with you on the validity of that argument. I'm simply trying to make sure if we're back on the side of the ledger that is a waiver. It's otherwise arbitrable, but because you have waived your right, we're not going to enforce it versus your other argument that you've made, which I understand is it's not arbitrable. There's no agreement, and there's these other factors. Well, but to me, the waiver argument falls under the rubric of the act where we talk about default. And so there's more than one class of conduct that constitutes a default. One of the defaults is based on the passage of time acting inconsistently, but the other is breach of the arbitration agreement. And where that's clear on the record... Help me with the passage of time being nothing more than just some prejudice to you, which we can't consider. And that's why I guess I'm a little reluctant just to simply look at the passage of time with no other act or activity that shows something that's an intentional act on his part to waive his right to arbitrate. And I appreciate that, Judge, and that's why I'm trying to tell you these other categories of conduct that I think constitute this. It's not just the passage of time. It's the breach of the arbitration agreement. It's the fraudulent conduct before the tribunal. It's the totality of the circumstances. And unlike the appellant who says you should only look at the facts from the time we first filed a complaint that joined Mr. Garcia, I'm saying you should look back at the prior arbitration. The record of that arbitration is in the record here, and the totality of the circumstances show that default. Let me extend that. Do you have any examples of how this action that was taken by Garcia and I guess Hamas in this litigation, not in the previous litigation of the arbitration of Botani, that are inconsistent? In other words, something outside of the previous Botani IPF arbitration? If we leave that outside of what we're talking about. Yes, and what are the inconsistent actions that indicate it's inconsistent with preserving the right to arbitrate? Right. If I'm limited to the record below in the district court, I don't have any examples of fraud in the tribunal. I haven't had any discovery. So my litigation has been pending against Mr. Garcia for several years, and I haven't been able to proceed with discovery. I haven't been able to try to recover the $2.5 million that it's clear that he just absconded with. So he's throwing this arbitration out to me as an attempt to delay my efforts to try to get my money back. He has no valid defense. It's already been adjudicated that under the contract he had no right to the $2.5 million. And the facts show that days after his receipt of the $2.5 million, he created the Hamsa Holdings entity in Nevada, and then days later transferred the monies to Hamsa Holdings. So it's clear that he absconded and stole the money. I mean, this was not an unelaborate ruse. If we were hearing a criminal case, we'd be discussing whether the conduct warranted a sentencing enhancement for more than minimal planning. And the answer to that question would be, yeah, it did involve more than minimal planning. So, you know, the totality of the circumstances clearly show Mr. Garcia's had his right to the money. Let me ask you this because it's something else I'm curious about. It says on July the 1st in the district court's order that the parties filed a stipulation under this agreement waiving all objections and their asserted challenges to this court's exercise of personal jurisdiction over them, basically submitting to the jurisdiction of the court. I'm just curious as to, so do you believe at that point they're waiving their right to arbitration? I believe that's part of it. You know, that was a targeted issue. The district court permitted me to engage in discovery that was limited to the issue of personal jurisdiction, which the appellants had challenged below. And it was in response to my discovery, which Mr. Garcia didn't answer, I got an order compelling. In order to resolve that order compelling that discovery, he agreed to the stipulation to waive his challenges to personal jurisdiction, waive his challenge to the validity and service of process. But he was fighting me on every procedural issue he could. He was just raising arbitration. So was he using the litigation machinery to delay and drag this out and keep me from getting the merits? Absolutely he was. He's been doing it for years now and doing it quite well, I might add. But where it's clear on the record that Mr. Garcia has no right to arbitration because he's breached that arbitration agreement, I'm just saying I don't think there's a need to remand it to the district court for further proceedings. I think this court can affirm the ruling below for different reasons and explain based on the record this isn't enforceable. You've had your arbitration. You've breached the agreement for multiple reasons. You don't have any further right to arbitration. And the prepaid legal services versus Cahill, I think, really is an inescapable obstacle for Mr. Garcia. He can't get around it. Thank you. If you have any further questions, I'll be happy to respond. Thank you. All right. Mr. Peete, we'll hear from you in the brief above. I respect my colleague. We've had some interactions with the district court. And I think what's happening here is trying to stir up very clear legal principles and create a muddy picture. And this is just a procedure. I'm just trying to understand the case. It seems to me you had an initial action of the agreement to purchase these hand sanitizing businesses and pay $5.2 million. You didn't get the company to go to SZY, whatever the company is. And then you have some interaction between IPF and Botani, who's actually going to supply it. Money is transferred 2.4 some odd to Botani. And nothing is ever sent. Then you send the rest of the money. And nothing is sent. An arbitration occurs, and half of it is recovered. Is that right? Half is recovered by the arbitration by IPF. Has that happened in the arbitration? Just that one. Just tell me. Is that what happened? They did not recover any of it. They did not recover it. They got a judgment. IPF got a judgment against Botani for breach. And that judgment, through the arbitration, got a ruling. And that ruling rejected Botani's claims that IPF had breached the agreement. The end result is Botani was ordered to pay back. Did they ever pay it back? They have not paid it back. So they have not paid anything back. Correct. That whole $5.2 million. No product has ever been sent to the first one. Half of the money went to Botani. Half went to IPF. IPF was then initially sued by SCY and were asked to give the money back by SCY, and they refused. And then that's why SCY was suing IPF. So the $5.2 million was split between... Right. First, the $5.2 million went to IPF. Bottom line is, at least from the beginning, money is transferred, but no product ever came back. No product of quality. There were products that... I'm just wondering what's going to happen in this case. It just seemed to me like some money was paid and it just wasn't paid back. And they were going all over the place and they're trying to get their money back. I think at the end of the day... Yeah, we're up here talking about arbitration agreements and merits and all that stuff, but, I mean, I see the pretty clear-cut case. Usually there's something there that fuzzes up the thing where the quality of the product wasn't right or something. Anyway, I'm just curious about it. I don't know what's going on here, but at least from your class perspective, something is not looking right. That doesn't settle the question of whether or not you're entitled to arbitration. I would agree with that. Yes, Your Honor. That's exactly the point we've tried to make in our briefs. There is a lot of factual allegations against Mr. Garcia as a person. There's a lot of allegations of misconduct. None of that affects the legal principles here of what constitutes an intentional relinquishment of a known right. Well, back to my original question. Do you think we should send this back to the district court to determine? Because he's saying he has not conceded that he's subject to the arbitration agreement. He's saying that now. I've been a litigator for 20 years. I've never seen an appellate court honor that kind of attempt to claim an issue as not waived or conceded when it wasn't raised in the district court, wasn't raised in a motion consideration district court, wasn't raised in the appellate briefs. You have an obligation to raise issues if you're going to then bring them up because we're spending time and resources trying to address the legal principles involved. But don't you think the court has to determine before they can compel arbitration if arbitration even applies here? Yes, Your Honor, and the way that works is we file a motion saying there is an arbitration agreement and you should enforce it. They file an opposition. In that opposition in the district court, that is their time to say that doesn't apply for these reasons, and we litigate it. They didn't take that attack. They said you waived it. We're not going to contest whether it applies. You waived it. Then we had a motion to reconsideration. But don't they argue that they, even though their argument I believe below was that because there's already been an arbitration, we are not bound to arbitration. They do argue that below, right? That's a form of waiver. They never made that argument as a form of saying that as a non-party, it doesn't apply to them. Its application to the dispute was never disputed below and I think should be considered waived. Whether Mr. Garcia took actions that are consistent, they have always maintained that. They've just done it on issues that they just again raised the district court never even thought was worth writing about because all these issues are about Garcia personally. The issues in the litigation is about Botani, the company. And then later they reached out and sued Garcia, an individual. So as we've said in our briefs, those are interesting arguments but they don't affect the issue of waiver because in this Tenth Circuit case, they keep saying Garcia was not a party to that litigation. The fact that that arbitration, the fact that Botani failed to pay fees has no restriction on Garcia's rights to an arbitration when he reaches out and sues Garcia personally. All right. Thank you, Mr. Peay. Thank you, Mr. Gill. We'll come down and brief counsel and we will adjourn for today. Thank you. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: James Andrew Wynn, DeAndrea Gist Benjamin, Joseph Dawson III